UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

MICHAEL REEVES,

                              Plaintiff,

                  -against-

CMP CONSULTANTS, INC., et al.,

                              Defendants.

---

23-CV-1308 (LTS)

ORDER TO AMEND

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who is proceeding *pro se*, brings this action invoking the Court's federal question jurisdiction and asserting a claim of "discrimination in fair housing." (ECF 1, at 2.)[1] He submits an unsigned order to show cause for a preliminary injunction and temporary restraining order with a supporting memorandum of law. Plaintiff seeks to enjoin the defendants from "further withholding of [a] NYC lottery apartment that [he] won through [a] lottery," and to stay eviction proceedings in the Civil Court of the City of New York, Kings County ("Housing Court"). (ECF 3, at 1.) By order dated February 16, 2023, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees.

For the reasons set forth below, the Court denies Plaintiff's request for preliminary injunctive relief and a temporary restraining order, but grants him leave to file an amended complaint within 60 days of the date of this order.

## STANDARD OF REVIEW

The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary

---

[1] The Court quotes from the complaint and other documents verbatim. Unless otherwise indicated, all grammar, spelling, punctuation, and emphasis are as in the original.

relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see*

*Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also

dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See*

Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to

construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret

them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470

F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in

original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits –

to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil

Procedure, which requires a complaint to make a short and plain statement showing that the

pleader is entitled to relief.

Rule 8 requires a complaint to include enough facts to state a claim for relief "that is

plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially

plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that

the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must

accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79

(2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of

action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating

legal conclusions from well-pleaded factual allegations, the Court must determine whether those

facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

## BACKGROUND

Plaintiff submitted a complaint naming CMP Consultants, Inc. as the sole defendant,

asserting a claim of discrimination in fair housing, and referring the Court to the order to show

cause and the supporting memorandum of law for the facts of his case. In both the order to show

cause and supporting memorandum of law, Plaintiff names as Defendants CMP Consultants, Inc.,

101 West End REIT, LLC, Marita Ponce, Orlando Ponce, and Dermot Realty Management

Company. (ECF 3, at 1; ECF 4, at 1.) The Court assumes that Plaintiff brings this action against

all five named defendants.

The following assertions are taken from Plaintiff's memorandum of law. On or about

August 13, 2022, Plaintiff won the "NYC Housing Lottery Lot #641," which grants him the

opportunity to rent an affordable apartment in a building located at 101 West End Avenue in

Manhattan. (ECF 4, at 2.) Plaintiff, who had previously lived in the neighborhood, is familiar

with the building, which is "occupied 'predominantly by white' people." (*Id.*) Since Plaintiff's

lottery win, Defendants, who either own or manage the building, "have taken active steps to

prevent [him] from moving into the building due to his race." (*Id.*) After winning the lottery,

Plaintiff contacted the defendants and was told that there was no housing lottery for that

building, but after he threatened to file a complaint with United States Department of Housing

and Urban Development ("HUD"), they "admitted the truth." (*Id.*) However, nothing happened

after that and all of Plaintiff's phone calls and emails to defendants went unanswered.

After two months, Plaintiff filed a complaint against defendants with the New York State

Division of Human Rights ("NYSDHR"). Plaintiff asserts that Defendants responded by

retaliating against him, "by repeatedly asking for the same documents . . . to harass, taunt and to

frustrate him." (*Id.*) For example, Defendants have demanded all the pages of Plaintiff's

checking account statements from June 2022, through February 5, 2023, although "[t]here is no

logical explanation for doing this." (*Id.*) Defendants claimed that they have to continuously

update their records, which is a "baseless justification" and even if true, "highly unfair to make

an applicant, better yet a lottery winner, to have to suffer through such nightmare of an experience." (*Id*.) Defendants have also demanded that Plaintiff provide "cash app information," and threatened to take away the lottery unit until he did so. They only relented when Plaintiff submitted a cash app statement showing no transactions and no balance. (*Id*. at 3.)

On January 13, 2023, Defendants responded to Plaintiff's NYSDHR complaint, indicating that the delay in releasing the apartment to Plaintiff was caused by the New York City Housing Authority's ("NYCHA") delays in approving Plaintiff's Section 8 voucher. On February 2, 2023, Plaintiff received an eviction order from the Housing Court to vacate his current apartment in Brooklyn, New York, because he owed two months of back rent. He attributes the eviction order to the delay caused by Defendant's actions. On February 7, 2023, after learning that Plaintiff was facing eviction from his current apartment, NYCHA approved Plaintiff's Section 8 voucher and "issued a conditional move in." (*Id*. at 3.) A NYCHA official informed Plaintiff that "the landlord," whom Plaintiff does not identify, had tried to discourage issuance of the voucher. (*Id*.) Further, although NYCHA has completed an inspection of the apartment and issued a move in letter, Defendants continue to obstruct Plaintiff's access to the apartment.

On February 11, 2023, Defendants sent Plaintiff forms from the IRS and the New York State Department of Tax to get copies of his tax returns, and demanded that Plaintiff sign the forms to give them permission to obtain his tax records. "Defendants have waited until everything was approved and have run out of options to obstruct [Plaintiff's] entry and have [resorted] to underhanded tactics" to further delay releasing the apartment to Plaintiff. (*Id*. at 4.) Plaintiff notes that according to the IRS's website, it would take about 45 days to process the forms for his tax returns, and that there is "no logical reason for this," after both the New York City Department of Housing Preservation and Development ("HPD") and NYCHA have

determined that he meets the requirements for the apartment and have approved the move. (*Id.*)

He also claims that a lottery apartment "is not subject to the same rules and requirements as a

traditional rental unit"; the demand for his tax returns is not valid because Section 8 is paying the

rent; he has already filed an affidavit with the landlord indicating that he will not be filing taxes;

"this deal has already been finalized and the landlord is trying to create unnecessary roadblock";

and the tax forms are only needed "in situations where the landlord cannot verify a person's

income," not in a "housing lottery situation." (*Id.*)

Plaintiff brings this action asking that the Court order Defendants "to immediately release

the lottery apartment during the pendency of this case." (*Id.*) He asserts that he "will suffer

irreparable harm by way of homelessness" if he is not allowed possession of the apartment. (*Id.*

at 2.) Plaintiff also requests that the Court stay the eviction order from the Housing Court, which

becomes effective on February 24, 2023.

Shortly after filing the documents discussed above to commence this action, that same

day, Plaintiff submitted to the court a second memorandum of law in support of his request for

injunctive relief. (ECF 6). In that document, he contends that Defendants have no legal authority

to block his entry into the lottery apartment. The next day, on February 16, 2023, Plaintiff

submitted to the court a letter, in which he asserts that he has discovered that the landlord has

been paid a security deposit and has collected other monies for the lease of the apartment. (ECF

7.)

## DISCUSSION

### A.    Claims under the Fair Housing Act

Because Plaintiff brings this action alleging that Defendants are subjecting him to

discrimination in housing, the Court construes the complaint as asserting claims under the Fair

Housing Act ("FHA") 42 U.S.C. § 3601, *et seq*.

The FHA "broadly prohibits discrimination in housing." *Gladstone Realtors v. Vill. of Bellwood*, 441 U.S. 91, 93 (1979). Specifically, it prohibits discrimination "against any person in the terms, conditions, or privileges of sale or rental of a dwelling, or in the provision of services or facilities in connection therewith, because of race, color, religion, sex, familial status . . . national origin," or disability. 42 U.S.C.§ 3604(b), (f). The FHA also prohibits retaliation against persons who have asserted their rights under the FHA. *See id.* § 3617 (unlawful "to coerce, intimidate, threaten, or interfere with any person in the exercise or enjoyment of, or on account of his having exercised or enjoyed, or on account of his having aided or encouraged any other person in the exercise or enjoyment of, any right granted or protected by [among others, §§ 3604 and 3605] of this title"). To state a claim under the FHA, a plaintiff must plausibly allege that: (1) he was a member of a class protected by the FHA, and (2) he suffered an adverse housing action because of his membership in that protected class. *See Mazzocchi v. Windsor Owners Corp.*, No. 11-CV-7913 (LBS), 2012 WL 3288240, at *7 (S.D.N.Y. Aug. 6, 2012).

Here, Plaintiff asserts that Defendants have "subjected [him] to racial profiling, housing discrimination, [and] tactics to obstruct and/to prevent him from moving into this predominantly 'white people' occupied building." (ECF 3, at 1.) This is a legal conclusion; Plaintiff has not plead any facts suggesting that any defendant subjected him to an adverse housing action because of his race. For example, Plaintiff has not identified his own race; moreover, while Plaintiff does assert that the building for which he won the lottery is predominately occupied by "white people," he does not allege any facts suggesting that the delays concerning his leasing of the lottery apartment were caused because Defendants harbored discriminatory animus towards his unidentified race. Plaintiff's allegations are simply not enough to support his conclusory and speculative assertions that Defendants are discriminating against him on the basis of his race. *See*

*Premium Mortg. Corp. v. Equifax, Inc.*, 583 F.3d 103, 108 (2d Cir. 2009) (conclusory allegations are insufficient to state a plausible claim of discrimination).

The Court grants Plaintiff leave to file an amended complaint to allege any facts showing that each person or entity named as a defendant discriminated against him in violation of the FHA. Plaintiff must plead enough factual detail to allow the Court to draw the inference that each defendant is subject to liability under the FHA for discrimination.

**B.     Request for Injunctive Relief**

The Court denies Plaintiff's request for preliminary injunctive relief and a temporary restraining order. To obtain such relief, Plaintiff must show: (1) that he is likely to suffer irreparable harm, and (2) either (a) a likelihood of success on the merits of his case or (b) sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly in his favor. *See UBS Fin. Servs., Inc. v. W.V. Univ. Hosps., Inc.*, 660 F. 3d 643, 648 (2d Cir. 2011) (citation and internal quotation marks omitted); *Wright v. Giuliani*, 230 F.3d 543, 547 (2000). Preliminary injunctive relief "is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." *Moore v. Consol. Edison Co. of N.Y., Inc.*, 409 F.3d 506, 510 (2d Cir. 2005) (internal quotation marks and citation omitted).

As set forth above, Plaintiff fails to allege facts sufficient to state a claim of discrimination in housing in violation of the FHA. The Court therefore finds that Plaintiff has not, at this time, shown (1) a likelihood of success on the merits, or (2) sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships

tipping decidedly in his favor. Accordingly, Plaintiff's request for injunctive relief is denied

without prejudice to renewal at a later date.[2]

## LEAVE TO AMEND

Plaintiff proceeds in this matter without the benefit of an attorney. District courts

generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its

defects, unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir.

2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Indeed, the Second Circuit has

cautioned that district courts "should not dismiss [a *pro se* complaint] without granting leave to

amend at least once when a liberal reading of the complaint gives any indication that a valid

claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quoting *Gomez v.*

*USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)). Because Plaintiff may be able to allege

---

[2] Plaintiff's request for the Court to enjoin the ongoing state court eviction proceedings in Housing Court in Kings County, is likely barred by the Anti-Injunction Act,28 U.S.C. § 2283, or under the *Younger* abstention doctrine. The Anti-Injunction Act imposes "an absolute ban on enjoining any state court proceeding, unless the facts of the case bring the matter within one of the three narrowly construed exceptions," none of which appear to apply here. *Sinisgallo v. Town of Islip Hous. Auth.*, 865 F. Supp. 2d 307, 317 (E.D.N.Y. May 23, 2012) (citing *Vendo Co. v. Lektro-Vend Corp.*, 433 U.S. 623, 630 (1977). Courts in this Circuit have long held that the Anti-Injunction Act applies to state court eviction proceedings. *See Watkins v. Ceasar*, 88 F. App'x 458, 459 (2d Cir. 2004) (summary order) (affirming federal district court's denial of a motion to enjoin summary eviction proceedings in the Civil Court of the City of New York because of the Anti-Injunction Act and, alternatively, because the plaintiff had not shown a likelihood of success on the merits); *Allen v. N.Y.C. Hous. Auth.*, No.10-CV-0168 (CM) (DCF), 2010 WL 1644956, at *3 (S.D.N.Y. Apr. 20, 2010) ("Courts in this Circuit have repeatedly held that the Anti-Injunction Act bars a federal court from enjoining state-court eviction proceedings.") (collecting cases).

*Younger* abstention seeks to avoid federal court interference with ongoing state criminal prosecutions, state-initiated civil enforcement proceedings, and state civil proceedings that involve the ability of state courts to perform their judicial functions. *Jones v. Cnty. of Westchester*, 678 F. App' x 48, 49-50 (2d Cir. 2017) (summary order). Abstention is appropriate in only three categories of state court proceedings: (1) state criminal prosecutions; (2) civil enforcement proceedings that are " akin to criminal prosecutions"; and (3) civil proceedings "that implicate a State's interest in enforcing the orders and judgments of its courts." *Sprint Commc'ns, Inc. v. Jacobs*, 134 S. Ct. 584, 588 (2013).

additional facts to state a valid claim under the FHA, the Court grants Plaintiff 60 days' leave to amend his complaint to detail his claims.

Plaintiff is granted leave to amend the complaint to provide more facts about his claims. In the "Statement of Claim" section of the amended complaint form, Plaintiff must provide a short and plain statement of the relevant facts supporting each claim against each defendant. If Plaintiff has an address for any named defendant, Plaintiff must provide it. Plaintiff should include all of the information in the amended complaint that Plaintiff wants the Court to consider in deciding whether the amended complaint states a claim for relief. That information should include:

    a)   the names and titles of all relevant people;

    b)   a description of all relevant events, including what each defendant did or failed to do, the approximate date and time of each event, and the general location where each event occurred;

    c)   a description of the injuries Plaintiff suffered; and

    d)   the relief Plaintiff seeks, such as money damages, injunctive relief, or declaratory relief.

Essentially, Plaintiff's amended complaint should tell the Court: who violated his federally protected rights; how, when, and where such violations occurred; and why Plaintiff is entitled to relief.[3]

Because Plaintiff's amended complaint will completely replace, not supplement, the original complaint, any facts or claims that Plaintiff wants to include from the original complaint must be repeated in the amended complaint.

---

[3] The Court strongly advises Plaintiff to contact the New York Legal Assistance Group (NYLAG), an organization that provides legal advice to self-represented plaintiffs and defendants, for assistance in drafting his amended complaint. A flyer from NYLAG is attached to this order.

**CONCLUSION**

Plaintiff is granted leave to file an amended complaint that complies with the standards set forth above. Plaintiff must submit the amended complaint to this Court's Pro Se Intake Unit within 60 days of the date of this order, caption the document as an "Amended Complaint," and label the document with docket number 23-CV-1308 (LTS). An Amended Complaint form is attached to this order. No summons will issue at this time. If Plaintiff fails to comply within the time allowed, and he cannot show good cause to excuse such failure, the Court will dismiss this action for failure to state a claim upon which relief may be granted.

The Court denies Plaintiff's order to show cause for preliminary injunction and temporary restraining order (ECF 3). All other pending matters in this case are terminated.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:     February 22, 2023
           New York, New York

                                        /s/ Laura Taylor Swain
                                        LAURA TAYLOR SWAIN
                                        Chief United States District Judge

# Notice For Pro Se Litigants

As a public health precaution, the New York Legal Assistance Group's Legal Clinic for Pro Se Litigants has temporarily suspended all in-person client meetings as of Tuesday, March 17, 2020.

Limited scope legal assistance will continue to be provided, but only by appointment and only over the phone. During this time, we cannot assist walk-in visitors to the clinic.

If you need the assistance of the clinic, please call **212-659-6190** and leave a message, including your telephone number, and someone will get back to you as soon as possible. If you do not leave a message with your telephone number, we cannot call you back.

Please be patient because our responses to your messages may be delayed while we transition to phone appointments.





UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

_____

Write the full name of each plaintiff.

-against-

_____

_____

_____

Write the full name of each defendant. If you need more
space, please write "see attached" in the space above and
attach an additional sheet of paper with the full list of
names. The names listed above must be identical to those
contained in Section II.

_____CV_____

(Include case number if one has been
assigned)

**AMENDED**

**COMPLAINT**

Do you want a jury trial?
☐ Yes      ☐ No

---

**NOTICE**

The public can access electronic court files. For privacy and security reasons, papers filed
with the court should therefore *not* contain: an individual's full social security number or full
birth date; the full name of a person known to be a minor; or a complete financial account
number. A filing may include *only*: the last four digits of a social security number; the year of
an individual's birth; a minor's initials; and the last four digits of a financial account number.
See Federal Rule of Civil Procedure 5.2.

## I.   BASIS FOR JURISDICTION

Federal courts are courts of limited jurisdiction (limited power). Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties. Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation, and the amount in controversy is more than $75,000, is a diversity case. In a diversity case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal-court jurisdiction in your case?

☐   **Federal Question**

☐   **Diversity of Citizenship**

## A.   If you checked Federal Question

Which of your federal constitutional or federal statutory rights have been violated?

_____

_____

_____

_____

## B.   If you checked Diversity of Citizenship

### 1.   Citizenship of the parties

Of what State is each party a citizen?

The plaintiff , _____ , is a citizen of the State of
      (Plaintiff's name)

_____

(State in which the person resides and intends to remain.)

or, if not lawfully admitted for permanent residence in the United States, a citizen or subject of the foreign state of

_____ .

If more than one plaintiff is named in the complaint, attach additional pages providing information for each additional plaintiff.

Page 2

If the defendant is an individual:

The defendant, _____ , is a citizen of the State of
       (Defendant's name)

_____

or, if not lawfully admitted for permanent residence in the United States, a citizen or
subject of the foreign state of

_____ .

If the defendant is a corporation:

The defendant, _____ , is incorporated under the laws of

the State of _____

and has its principal place of business in the State of _____

or is incorporated under the laws of (foreign state) _____

and has its principal place of business in _____ .

If more than one defendant is named in the complaint, attach additional pages providing
information for each additional defendant.

## II.  PARTIES

### A.  Plaintiff Information

Provide the following information for each plaintiff named in the complaint. Attach additional
pages if needed.

_____

First Name            Middle Initial         Last Name

_____

Street Address

_____

County, City                    State              Zip Code

_____

Telephone Number                Email Address (if available)

## B.   Defendant Information

To the best of your ability, provide addresses where each defendant may be served. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are the same as those listed in the caption. Attach additional pages if needed.

Defendant 1:

First Name                                Last Name

Current Job Title (or other identifying information)

Current Work Address (or other address where defendant may be served)

County, City                          State                   Zip Code

Defendant 2:

First Name                                Last Name

Current Job Title (or other identifying information)

Current Work Address (or other address where defendant may be served)

County, City                          State                   Zip Code

Defendant 3:

First Name                                Last Name

Current Job Title (or other identifying information)

Current Work Address (or other address where defendant may be served)

County, City                          State                   Zip Code

Defendant 4:

_____

First Name                          Last Name

_____

Current Job Title (or other identifying information)

_____

Current Work Address (or other address where defendant may be served)

_____

County, City                        State            Zip Code

## III. STATEMENT OF CLAIM

Place(s) of occurrence: _____

Date(s) of occurrence: _____

### FACTS:

State here briefly the FACTS that support your case. Describe what happened, how you were harmed, and what each defendant personally did or failed to do that harmed you. Attach additional pages if needed.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

Page 5

_____

_____

_____

_____

_____

_____

_____

_____

_____

**INJURIES:**

If you were injured as a result of these actions, describe your injuries and what medical treatment, if any, you required and received.

_____

_____

_____

_____

**IV. RELIEF**

State briefly what money damages or other relief you want the court to order.

_____

_____

_____

_____

## V.  PLAINTIFF'S CERTIFICATION AND WARNINGS

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I agree to notify the Clerk's Office in writing of any changes to my mailing address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

| | |
|---|---|
| Dated | Plaintiff's Signature |

| | | |
|---|---|---|
| First Name | Middle Initial | Last Name |

Street Address

| | | |
|---|---|---|
| County, City | State | Zip Code |

| | |
|---|---|
| Telephone Number | Email Address (if available) |

I have read the Pro Se (Nonprisoner) Consent to Receive Documents Electronically:

☐ Yes    ☐ No

    If you do consent to receive documents electronically, submit the completed form with your complaint. If you do not consent, please do not attach the form.