UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

MICHAEL REEVES,

                Plaintiff,

        -v.-

CMP CONSULTANTS, INC. et al.,

                Defendants.

23 Civ. 1308 (JHR)

<u>ORDER</u>

JENNIFER H. REARDEN, District Judge:

CMP Consultants, Inc., Marita Ponce, and Orlando Ponce (collectively, "CMP"), and

Dermot Realty Management Company, Inc. and 101 West End REIT, LLC (collectively,

"Dermot") (together with CMP, "Defendants"), have moved to dismiss the Second Amended

Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).  *See* ECF No. 34 (CMP

Motion); ECF No. 37 (Dermot Motion).  "Defendants' motion[s] to dismiss [are], in part,

premised on materials outside of the pleading," *Tafuto v. Donald J. Trump for President*, 16 Civ.

8648 (LTS) (S.D.N.Y. Aug. 18, 2018): CMP attached 15 exhibits to its motion papers, *see* ECF

Nos. 34-2 to 34-16, and subsequently requested, in further support of its motion to dismiss, that

the Court take judicial notice of a Determination and Order issued by the New York State

Division of Human Rights, *see* ECF No. 40; and Dermot attached nine exhibits to its motion

papers, *see* ECF Nos. 37-2 to 37-10.

In this regard, Defendants' motions potentially implicate Rule 12(d) of the Federal Rules

of Civil Procedure.  That rule provides as follows:

> If on a motion under Rule 12(b)(6) or 12(c), matters outside the
> pleadings are presented to and not excluded by the court, the motion
> must be treated as one for summary judgment under Rule 56.  All
> parties must be given a reasonable opportunity to present all the
> material that is pertinent to the motion.

Fed. R. Civ. P. 12(d). "In light of the foregoing, the Court may treat the motions to dismiss as motions for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure." *Stern v. Regency Towers, LLC*, 11 Civ. 8824 (JMF) (S.D.N.Y. June 12, 2012).

Under these circumstances—*viz.*, where "defendants are apparently relying on matters outside of the pleadings in support of their motion[s] [to dismiss]," *Ramire v. Annuci*, 17 Civ. 3825 (VB) (S.D.N.Y. Nov. 1, 2017)—"*pro se* parties must have 'unequivocal' notice of the meaning and consequences of conversion to summary judgment," *Hernandez v. Coffey*, 582 F.3d 303, 307-08 (2d Cir. 2009) (citation omitted). This requirement is codified in Local Rule 12.1, which provides, in pertinent part:

> A represented party moving to dismiss . . . against a party proceeding pro se, who refers in support of the motion to matters outside the pleadings . . . shall serve and file the [prescribed] notice with the full text of Fed. R. Civ. P. 56 attached at the time the motion is served. If the Court rules that a motion to dismiss or for judgment on the pleadings will be treated as one for summary judgment pursuant to Fed. R. Civ. P. 56, and the movant has not previously served and filed the notice required by this rule, the movant shall amend the form notice to reflect that fact and shall serve and file the amended notice within fourteen days of the Court's ruling.

S.D.N.Y. L.R. 12.1. The above-referenced "'notice is particularly important' because the *pro se* litigant 'may be unaware of the consequences of his failure to offer evidence bearing on triable issues.'" *Hernandez*, 582 F.3d at 307 (alterations and citation omitted). "Requiring such notice is in keeping with the special solicitude which the courts should afford *pro se* parties." *Beacon Enters., Inc. v. Menzies*, 715 F.2d 757, 767 (2d Cir. 1983).

That "notice has not been provided here." *Taylor v. T-Mobile USA Inc.*, 14 Civ. 4965 (LTS) (S.DN.Y. July 21, 2024). To wit, neither CMP nor Dermot has "serve[d] or file[d] the requisite Notice to Pro Se Litigant" pursuant to Local Rule 12.1. *Dais v. Lane Bryant, Inc.*, No. 97 Civ. 2011 (PKL), 2000 WL 869489, at *2 (S.D.N.Y. June 29, 2000). "Especially given Plaintiff['s] *pro se* status, the Court cannot excuse th[is] procedural defect[]" in CMP's and

Dermot's motions. *Johnson v. Myers*, No. 10 Civ. 1964 (JS), 2011 WL 709481, at *2 (E.D.N.Y. Feb. 18, 2011); *accord Vital v. Interfaith Med. Ctr.*, 168 F.3d 615, 620 (2d Cir.1999) ("[T]he failure of a district court to apprise *pro se* litigants of the consequences of failing to respond to a motion for summary judgment is ordinarily grounds for reversal.").

Accordingly, CMP's and Dermot's failure to comply with Local Rule 12.1 "constitute[s] grounds for denial of [their] motion[s] without prejudice to later renewal once the[y] ha[ve] come into compliance." *Dais*, 2000 WL 869489, at *3 n.3; *cf.*, *e.g.*, *Hernandez*, 582 F.3d at 308-09 (vacating and remanding where defendants' Rule 12 motion "present[ed] matters outside the pleadings" but "the defendants[] [had not] ever explained to [the *pro se* plaintiff] the nature or consequences of summary judgment"); *Beacon Enters., Inc.*, 715 F.2d at 767-68 (same).  If CMP and/or Dermot intend to refile their respective motions, they must do so by **April 15, 2024**, and they both must also serve and file a Local Rule 12.1 Notice on Plaintiff.  In view of Plaintiff's *pro se* status, he may file by **May 13, 2024** an opposition to each motion, including any materials he wishes the Court to consider in deciding the motions.  Defendants may file replies by **May 20, 2024**.

In light of the Court's denial of CMP's motion to dismiss, its motion for judicial notice in further support of its motion to dismiss (ECF No. 40) is DENIED as moot.  If CMP renews its motion to dismiss in compliance with Local Rule 12.1, it may refile its motion for judicial notice, subject to the same briefing schedule set forth above.

The Clerk of Court is directed to mail a copy of this Order to the *pro se* Plaintiff.  The Clerk of Court is further directed to terminate ECF Nos. 34, 37, and 40.

SO ORDERED.

Dated: March 31, 2024
New York, New York

JENNIFER H. REARDEN
United States District Judge